**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ALEJANDRO GARCIA SALINAS,

Petitioner,

v.

RICOLCOL,

Respondent.

Case No. 2:26-cv-10915-AB-DFM

ORDER SUMMARILY DISMISSING FEDERAL HABEAS PETITION

Petitioner Alejandro Garcia Salinas is a federal prisoner. He filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He does not challenge his conviction, his sentence, or how the Bureau of Prisons ("BOP") is carrying out that sentence. Instead, he alleges that a correctional officer touched him in a sexual manner at another institution in July 2025, and that BOP officials have ignored his administrative complaints about that conduct. He asks the Court to investigate the officer, order preservation of video footage, and discipline the officer.

These claims concern the conditions of Petitioner's confinement, not its legality or duration. They therefore fall outside the Court's habeas jurisdiction. The Petition is also not suitable for conversion into a civil rights action. For the reasons set forth below, the Petition is **DISMISSED** without prejudice.

# I. BACKGROUND

Petitioner is serving a 360-month federal sentence imposed by the United States District Court for the Western District of North Carolina. See Dkt. 1 ("Petition") at 2; Memorandum of Law ("Memorandum") at 1. He is housed at the Federal Correctional Institution in Victorville, California ("FCI Victorville"). See Petition at 2.

Petitioner alleges that on July 21 and 22, 2025, while he was housed in the special housing unit at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"), an officer named Blair stroked his finger and palm in a sexual manner while another officer handcuffed him through the cell's food slot. See Memorandum at 4-5; id., Exs. H, I. Petitioner was transferred to FCI Victorville in August 2025. See Memorandum, Ex. H ¶ 8.

Petitioner then pursued the BOP's administrative remedy process. The Western Regional Office rejected his initial "sensitive" complaint and directed him to file at the institution level. See Memorandum at 2; id., Ex. A. He filed an institution-level request at FCI Victorville on September 18, 2025. See Memorandum at 2. The Warden's response is dated October 30, 2025, but Petitioner alleges he did not receive it until December 10, 2025. See id.; id., Ex. E. Petitioner alleges that he submitted regional appeals on November 6 and December 29, 2025, and a Central Office appeal on December 8, 2025, and that none has received a response. See Memorandum at 2-3; id., Exs. C, D, G. Petitioner also represents that he filed a civil action about the same events in the United States District Court for the District of Oregon, that the action was dismissed, and that the dismissal is on appeal to the Ninth Circuit. See Petition at 6; Memorandum at 3.

The Petition raises two grounds. Ground One alleges that Blair's conduct violated Petitioner's rights and that the BOP is shielding or covering up the misconduct. Ground Two alleges that the Western Regional Office and

Central Office violated Petitioner's "right to appeal" by disregarding his administrative appeals. See Petition at 7; Memorandum at 4-8. As relief, Petitioner asks the Court to (1) "fully investigate" Blair's conduct; (2) order FCI Sheridan to preserve and produce video and audio footage of both incidents; and (3) take corrective action against Blair. See Petition at 8; Memorandum at 8.

Petitioner originally submitted the Petition to the Ninth Circuit with a petition for writ of mandamus. The Ninth Circuit directed that the Petition be transmitted to this Court to be opened as a new case. See Dkt. 3. Petitioner also filed a request to proceed in forma pauperis ("IFP"). See Dkt. 2.

## II. DISCUSSION

A district court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). The Court may apply the Habeas Rules to a petition filed under § 2241. See Habeas Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) Because Petitioner is proceeding pro se, the Court construes the Petition liberally.

### A. The Petition Does Not Present a Claim Cognizable in Habeas

A federal court may grant habeas relief under § 2241 when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For a federal prisoner, § 2241 is the proper vehicle to challenge the manner, location, or conditions of a sentence's execution. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). It is not the vehicle for claims about the conditions of confinement that do not bear on the legality or duration of that confinement. See Pinson v. Carvajal, 69 F.4th 1059, 1070 (9th Cir. 2023). In Pinson, the Ninth Circuit held that a federal prisoner's conditions claim lies within the core of habeas

only if the facts alleged show that the prisoner's detention itself is unlawful, so that release is legally required. See id. at 1072-75. Because the petitioner's claims there lay "outside the historic core of habeas corpus," the district court "properly found it lacked jurisdiction." Id. at 1075.

Neither ground here comes close to that standard. Ground One alleges that a single officer at a prison where Petitioner no longer resides engaged in misconduct on two days in July 2025. Ground Two alleges that BOP officials mishandled his administrative appeals. Taking these allegations as true, success on either ground would not affect the fact or duration of Petitioner's custody under his federal sentence. Petitioner does not seek release, and nothing in the Petition suggests that his continued confinement is unlawful.

Ground Two fails for an additional reason. Prisoners "lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Delays in responding to Petitioner's administrative remedy requests therefore do not establish that he is in custody in violation of federal law.

## B. The Court Declines to Convert the Petition into a Civil Rights Action

A district court may construe a habeas petition as a civil rights complaint only if the petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (citation omitted). Conversion is discretionary, not mandatory. The Court declines to convert the Petition, for three reasons.

First, the Petition is not amenable to conversion on its face. The only named Respondent is the Warden of FCI Victorville. The alleged misconduct occurred at FCI Sheridan, and Petitioner does not allege that the Warden was involved in it. Nor does Petitioner seek relief the Court could grant in a civil

rights action. He seeks no damages; he asks the Court to investigate Blair and to discipline him.

Second, conversion could disadvantage Petitioner. A habeas petition and a prisoner civil rights suit "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Id. at 935-36. A converted action would subject him to the substantially higher civil filing fee, collected under the Prison Litigation Reform Act, and to that statute's other restrictions.

Third, Petitioner represents that he has already brought a civil action about the same events in the District of Oregon, where FCI Sheridan is located, and that the dismissal of that action is on appeal. See Petition at 6; Memorandum at 3. Converting this Petition would risk creating a duplicative action in a district where none of the alleged misconduct occurred.

///

///

///

///

///

///

///

///

///

///

///

///

///

## III. ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is **DISMISSED** without prejudice for lack of habeas jurisdiction, and without prejudice to Petitioner pursuing his claims in an appropriate civil action; and (2) Petitioner's request to proceed in forma pauperis (Dkt. 2) is **DENIED** as moot.

IT IS FURTHER ORDERED that Judgment be entered accordingly.

Date: October 21, 2026

ANDRÉ BIROTTE JR.
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge